1  KENNETH E. KELLER (SBN 71450) kkeller@kksrr.com
   ANNE E. KEARNS (SBN: 183336) akearns@kksrr.com
2  Krieg, Keller, Sloan, Reilley & Roman LLP
   114 Sansome Street, Suite 400
3  San Francisco, California 94104-3839
   Telephone:    (415) 249-8330
4  Facsimile:    (415) 249-8333

5  STEPHEN M. GAFFIGAN (*Pro Hac Vice* Pending) stephen@smgpa.net
   STEPHEN M. GAFFIGAN, P.A.
6  401 East Las Olas Blvd., Suite 130-453
   Ft. Lauderdale, Florida 33301
7  Telephone: (954) 767-4819
   Facsimile: (954) 767-4821
8
   Attorneys for Plaintiffs Gucci America, Inc.,    E-filing
9  Bottega Veneta International, S.A.R.L.,
   and Balenciaga Corporation France
10

11                THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14  GUCCI AMERICA, INC., a New York
    corporation, BOTTEGA VENETA
15  INTERNATIONAL, S.A.R.L., a foreign        **COMPLAINT FOR TRADEMARK**
    business entity, BALENCIAGA              **COUNTERFEITING AND**
16  CORPORATION FRANCE, a foreign            **INFRINGEMENT AND FALSE**
    business entity,                         **DESIGNATION OF ORIGIN**
17
                Plaintiffs,
18  v.
19
    WANG HUOQING a/k/a HUBERT
20  WANG and DOES 1-10,

21              Defendants.

22

23    Plaintiffs, GUCCI AMERICA, INC., a New York corporation ("Gucci"), BOTTEGA VENETA

24  INTERNATIONAL, S.A.R.L., a foreign business entity ("Bottega") and BALENCIAGA CORPORATION

25  FRANCE, a foreign business entity ("Balenciaga") hereby sue Defendants WANG HUOQING a/k/a

26  HUBERT WANG (the "Named Defendant"), and Does 1-10, individually and jointly, d/b/a chenxi

27  d/b/a dongshi d/b/a the domain names identified on the attached Schedule "A" (collectively, the

28  "Subject Domain Names") and allege as follows:

                                          1

## JURISDICTION AND VENUE

1.      This is an action pursuant to 15 U.S.C. §§ 1114, 1116, 1121, and 1125(a). Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.  Venue is proper in this Court pursuant 28 U.S.C. § 1391, and, upon information and belief, this Court may properly exercise personal jurisdiction over Defendants since Defendants conduct business with consumers and cause harm to Plaintiffs within this District through at least the fully interactive Internet websites operating under the Subject Domain Names.

## INTRADISTRICT ASSIGNMENT

2.      Intradistrict assignment to the San Francisco Division is appropriate per Civil Local Rule 3-2(c), as a substantial part of events which give rise to the claims alleges in this Complaint occurred in San Francisco County

## THE PLAINTIFFS

3.      Gucci is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at 685 Fifth Avenue, New York, New York 10022.  Gucci is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, high quality luxury goods, including, but not limited to, footwear, belts, sunglasses, handbags, wallets, hats, jewelry, including, at least, necklaces and bracelets, scarves, ties, umbrellas under multiple world famous common law and Federally registered trademarks including those identified in Paragraph 13 below.  Gucci operates boutiques within this Judicial District.  Defendants' sales of counterfeit Gucci branded products are causing damage to Gucci within this Jurisdiction.  Gucci regularly enforces its intellectual property rights and authorized that this action be brought in its name.

4.      Bottega is a foreign corporation organized under the laws of Luxembourg with its principal place of business in the Luxembourg located at 12 Rue Leon Thyes, Luxembourg, Luxembourg L-26-36.  Bottega is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, high quality luxury goods, including, but not limited to, handbags, under multiple world famous common law and Federally registered trademarks including those identified in Paragraph 15 below.  Bottega operates boutiques within this

2

1   Judicial District. Defendants' sales of counterfeit Bottega branded products are causing damage to

2   Bottega within this Jurisdiction. Bottega regularly enforces its intellectual property rights and

3   authorized that this action be brought in its name.

4       5.      Balenciaga is a foreign corporation organized under the laws of France with its

5   principal place of business in France located at 15 rue Cassette, Paris, France 75006. Balenciaga is,

6   in part, engaged in the business of manufacturing and distributing throughout the world, including

7   within this Judicial District, high quality luxury goods, including, but not limited to, handbags, under

8   multiple world famous common law and Federally registered trademarks including those identified

9   in Paragraph 17 below. Balenciaga operates boutiques within this Judicial District. Defendants'

10  sales of counterfeit Balenciaga branded products are causing damage to Balenciaga within this

11  Jurisdiction. Balenciaga regularly enforces its intellectual property rights and authorized that this

12  action be brought in its name.

13                                  **THE DEFENDANTS**

14      6.      The Named Defendant is an individual who, upon information and belief, resides in

15  the People's Republic of China, and who conducts business throughout the United States, including

16  within this Judicial District through the operation of the fully interactive commercial websites

17  operating under the Subject Domain Names. Upon information and belief the Named Defendant

18  uses the aliases "chenxi" and "dongshi" in conjunction with the operation of the Subject Domain

19  Names. Defendants Does 1-10 are, upon information and belief, individuals and/or business entities

20  who likely reside in the People's Republic of China and conduct substantial business within this

21  Judicial District through the operation of the fully interactive commercial websites operating under

22  at least the Subject Domain Names. The Named Defendant and Does 1-10 are directly and

23  personally contributing to, inducing and engaging in the sale of counterfeit products as alleged

24  herein as partners, co-conspirators and/or suppliers. Plaintiffs are presently unaware of the true

25  names of Does 1-10. Plaintiffs will amend this Complaint upon discovery of the identities of such

26  fictitious Defendants.

27      7.      Defendants are the past and present moving and conscious forces behind the

28  operation of at least the commercial Internet websites operating under the Subject Domain Names.

3

GUCCI AMERICA, INC. ET AL. V. WANG HUOQING, ET AL.: COMPLAINT

8.      Upon information and belief, Defendants also jointly own and operate additional Internet websites, under domain names currently unknown to Plaintiffs.

9.      Upon information and belief, Defendants are directly engaging in the sale of counterfeit and infringing products within this District as alleged herein. Moreover, upon information and belief, Defendants have conspired with each other to jointly engage in the offering for sale and sale of counterfeit and infringing Gucci, Botega, and Balenciaga branded products within this Judicial District through fully interactive commercial websites operating under at least the Subject Domain Names. Defendants, upon information and belief, also operate additional websites which promote and offer for sale counterfeit and infringing goods under domain names not yet known to Plaintiffs. Defendants have advertised and sold their counterfeit goods in the State of California. Moreover, because VeriSign Global Registry Services, the Registry for each of the .com and .net Subject Domain Names owned by Defendants, is located within this District, those domain names constitute property rights within this District.

10.     Defendants' Internet-based website businesses amount to nothing more than a massive illegal operation, infringing on the intellectual property rights of Plaintiffs and others.

11.     Upon information and belief, Defendants have registered, established or purchased and currently maintain the Subject Domain Names. Upon information and belief, Defendants have used false or misleading information for the registration of the Subject Domain Names.

12.     Defendants' Subject Domain Names, and any other domain names used in connection with the sale of counterfeit goods bearing Plaintiffs' respective marks, are essential components of Defendants' counterfeiting and infringing activities. The domain names themselves are the means by which Defendants further their counterfeiting scheme and cause harm to Plaintiffs. Moreover, the Defendants are using Plaintiffs' respective famous names and trademarks to drive Internet consumer traffic to their websites operating under the Subject Domain Names, thereby creating and increasing the value of the Subject Domain Names.

4

1    ## COMMON FACTUAL ALLEGATIONS

2    13.     Gucci is the owner and/or exclusive licensee of all rights in and to the following

3    trademarks which are valid and registered on the Principal Register of the United States Patent and

4    Trademark Office:

| Mark | Reg. No. | Reg. Date |
|------|----------|-----------|
| **GUCCI** | 0,876,292 | September 9, 1969 |
|  | 1,097,483 | July 25, 1978 |
|  | 1,097,555 | July 25, 1978 |
|  | 1,107,311 | November 23, 1978 |
| **GUCCI** | 1,168,477 | September 8, 1981 |
|  | 1,132,675 | April 8, 1980 |
| **GUCCI** | 1,200,991 | July 13, 1982 |
|  | 1,511,774 | November 8, 1988 |
|  | 2,042,805 | March 11, 1997 |
|  | 3,037,082 | January 3, 2006 |
|  | 3,039,629 | January 10, 2006 |
|  | 3,039,630 | January 10, 2006 |
|  | 3,039,631 | January 10, 2006 |

5

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| | 3,039,794 | January 10, 2006 |
| | 3,376,129 | January 10, 2006 |
| | 3,052,779 | January 31, 2006 |
| | 3,061,918 | February 28, 2006 |
| | 3,072,547 | March 28, 2006 |
| | 3,072,549 | March 28, 2006 |
| | 3,470,140 | July 22, 2008 |
| | 3,660,040 | July 28, 2009 |

which are registered in International Classes 9, 14, 18, and 25 and used in connection with the manufacture and distribution of, among other things, footwear, belts, sunglasses, handbags, wallets, hats, jewelry, including, at least, necklaces and bracelets, scarves, ties, umbrellas (the "Gucci Marks").

14.    The Gucci Marks have been used in interstate commerce to identify and distinguish Gucci's high quality footwear, belts, sunglasses, handbags, wallets, hats, jewelry, including, at least, necklaces and bracelets, scarves, ties, umbrellas, and other goods for an extended period of time.

15.    Bottega is the owner and/or exclusive licensee of all rights in and to the following trademark which is valid and registered on the Principal Register of the United States Patent and Trademark Office:

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| BOTTEGA VENETA | 1,086,395 | February 28, 1978 |

6

1  which is registered in International Classes 18 and used in connection with the manufacture and

2  distribution of, among other things, handbags (the "Bottega Mark").

3     16.     The Bottega Mark has been used in interstate commerce to identify and distinguish

4  Bottega's high quality handbags and other goods for an extended period of time.

5     17.     Balenciaga is the owner and/or exclusive licensee of all rights in and to the following

6  trademarks which are valid and registered on the Principal Register of the United States Patent and

7  Trademark Office:

| Mark | Reg. No. | Reg. Date |
|------|----------|-----------|
| BALENCIAGA | 3,044,207 | September 22, 2003 |
| BALENCIAGA | 3,344,631 | September 22, 2003 |
| | 3,257,913 | July 3, 2007 |

which are registered in International Class 18 and used in connection with the manufacture and

distribution of, among other things, handbags (the "Balenciaga Marks").

    18.     The Balenciaga Marks have been used in interstate commerce to identify and

distinguish Balenciaga's high quality handbags and other goods for an extended period of time.

    19.     The Plaintiffs' respective marks have never been assigned or licensed to any of the

Defendants in this matter.

    20.     The Plaintiffs' respective marks are symbols of Plaintiffs' quality, reputation and

goodwill and have never been abandoned.

    21.     Further, Plaintiffs have expended substantial time, money and other resources

developing, advertising and otherwise promoting their respective marks. The Plaintiffs' respective

marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

    22.     Gucci has extensively used, advertised and promoted the Gucci Marks in the United

States in association with the sale of high quality footwear, belts, sunglasses, handbags, wallets, hats,

jewelry, including, at least, necklaces and bracelets, scarves, ties, umbrellas, and other goods and has

carefully monitored and policed the use of the Gucci Marks.

7

GUCCI AMERICA, INC. ET AL. V. WANG HUOQING, ET AL.: COMPLAINT

23. Bottega has extensively used, advertised and promoted the Bottega Mark in the United States in association with the sale of high quality handbags and other goods and has carefully monitored and policed the use of the Botega Mark.

24. Balenciaga has extensively used, advertised and promoted the Balenciaga Marks in the United States in association with the sale of high quality handbags and other goods and has carefully monitored and policed the use of the Balenciaga Marks.

25. As a result of Plaintiffs' efforts, members of the consuming public readily identify merchandise bearing the Plaintiffs' respective marks, as being high quality luxury goods sponsored and approved by the Plaintiffs.

26. Accordingly, the Plaintiffs' respective marks have extensively used, advertised and promoted the Plaintiffs' respective marks in the United States in association with the sale of high quality goods and have carefully monitored and policed the use of the Plaintiffs' respective marks. The Gucci Marks have achieved secondary meaning as identifiers of high quality footwear, belts, sunglasses, handbags, wallets, hats, jewelry, including, at least, necklaces and bracelets, scarves, ties, and umbrellas. The Bottega Mark has achieved secondary meaning as an identifier of high quality handbags. The Balenciaga Marks have achieved secondary meaning as identifiers of high quality handbags.

27. Upon information and belief, at all times relevant hereto, Defendants in this action have had full knowledge of Plaintiffs' ownership of their respective marks, including their respective, exclusive rights to use and license such intellectual property and the goodwill associated therewith.

28. Plaintiffs have discovered Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit products, including, at least footwear, belts, sunglasses, handbags, wallets, hats, jewelry, including, at least, necklaces and bracelets, scarves, ties, and umbrellas bearing trademarks which are exact copies of the Gucci Marks; handbags bearing trademarks which are exact copies of the Bottega Mark; and handbags bearing trademarks which are exact copies of the Balenciaga Marks (the "Counterfeit Goods"). Specifically, upon information and

8

GUCCI AMERICA, INC. ET AL. V. WANG HUOQING, ET AL.: COMPLAINT

1 belief, Defendants are using the Plaintiffs' respective marks in the same stylized fashion, for
2 different quality goods.

3    29.    Upon information and belief, Defendants' Counterfeit Goods are of a quality
4 substantially different than that of Plaintiffs' respective genuine goods. Despite the nature of their
5 Counterfeit Goods and the knowledge they are without authority to do so, Defendants, upon
6 information and belief, are actively using, promoting and otherwise advertising, distributing, selling
7 and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that
8 such goods will be mistaken for the genuine high quality products offered for sale by Plaintiffs. The
9 net effect of Defendants' actions will be to result in the confusion of the relevant trade and
10 consumers, both at the time of sale and in a post sale setting, who will believe Defendants'
11 Counterfeit Goods are genuine goods originating from, associated with, and approved by Plaintiffs.

12    30.    Defendants advertise their Counterfeit Goods for sale to the consuming public. In so
13 advertising these products, Defendants improperly and unlawfully use the Plaintiffs' respective
14 marks. Indeed, Defendants herein misappropriated Plaintiffs' respective advertising ideas and entire
15 styles of doing business with regard to the advertisement and sale of Plaintiffs' respective genuine
16 products. Upon information and belief, the misappropriation of Plaintiffs' advertising ideas in the
17 form of the Plaintiffs' respective marks has occurred, in part, in the course of Defendants'
18 advertising activities and has been the proximate cause of damage to Plaintiffs.

19    31.    Upon information and belief, Defendants are conducting their counterfeiting and
20 infringing activities at least within this Judicial District and elsewhere throughout the United States.
21 As a result, Defendants are defrauding Plaintiffs and the consuming public for Defendants' own
22 benefit. Defendants' infringement and disparagement of Plaintiffs does not simply amount to the
23 wrong description of their goods or the failure of the goods to conform to the advertised quality or
24 performance.

25    32.    Defendants' use of the Plaintiffs respective marks, including the promotion and
26 advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is
27 without Plaintiffs' consent or authorization.

28

9

GUCCI AMERICA, INC. ET AL. V. WANG HUOQING, ET AL.: COMPLAINT

33. Further, Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiffs' rights for the purpose of trading on the respective goodwill and reputations of Plaintiffs.

34. Defendants' above-identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, Defendants' wrongful use of the Plaintiffs Marks is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between Plaintiffs' respective genuine goods and Defendants' Counterfeit Goods.

35. Plaintiffs have no adequate remedy at law.

36. Plaintiffs are suffering irreparable injury and damages as a result of Defendants' unauthorized and wrongful use of the Plaintiffs respective marks. If Defendants' counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiffs and the consuming public will continue to be harmed.

37. The injuries and damages sustained by Plaintiffs have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of their Counterfeit Goods.

38. Plaintiffs have retained the undersigned counsel to represent them in this matter and are obligated to pay said counsel a reasonable fee for such representation.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT

39. Plaintiffs hereby readopt and re-allege the allegations set forth in Paragraphs 1 through 38 above.

40. This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeits of the Plaintiffs' respective marks in commerce in connection with the promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing counterfeit and infringing: footwear, belts, sunglasses, handbags, wallets, hats, jewelry, including, at least, necklaces and bracelets, scarves, ties, and umbrellas bearing trademarks which are exact copies of the Gucci Marks; handbags bearing trademarks which are exact copies of the

10

1  Bottega Mark; and handbags bearing trademarks which are exact copies of the Balenciaga Marks.
2  Defendants are continuously infringing and inducing others to infringe the Plaintiffs' respective
3  marks by using them to advertise, promote and sell counterfeit: footwear, belts, sunglasses,
4  handbags, wallets, hats, jewelry, including, at least, necklaces and bracelets, scarves, ties, and
5  umbrellas bearing trademarks which are exact copies of the Gucci Marks; handbags bearing
6  trademarks which are exact copies of the Bottega Mark; and handbags bearing trademarks which are
7  exact copies of the Balenciaga Marks.

8      41.    Defendants' counterfeiting and infringing activities are likely to cause and, upon
9  information and belief, actually are causing confusion, mistake and deception among members of the
10  trade and the general consuming public as to the origin and quality of Defendants' Counterfeit
11  Goods bearing the Plaintiffs' respective marks.

12      42.    Defendants' unlawful actions have caused and are continuing to cause unquantifiable
13  damages to Plaintiffs.

14      43.    Defendants' above-described illegal actions constitute counterfeiting and
15  infringement of the Plaintiffs' respective marks in violation of Plaintiffs' rights under § 32 of the
16  Lanham Act, 15 U.S.C. § 1114.

17      44.    Plaintiffs have suffered and will continue to suffer irreparable injury due to the above
18  described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

19  **COUNT II - FALSE DESIGNATION OF ORIGIN**
20  **PURSUANT TO § 43(a) OF THE LANHAM ACT**

21      45.    Plaintiffs hereby readopt and re-allege the allegations set forth in Paragraphs 1
22  through 38 above.

23      46.    Defendants' Counterfeit Goods bearing and sold under the Plaintiffs Marks have been
24  widely advertised and distributed throughout the United States.

25      47.    Defendants' Counterfeit Goods bearing and sold under the Plaintiffs' respective
26  marks are virtually identical in appearance to each of Plaintiffs' respective genuine goods. However,
27  the Counterfeit Goods are different in quality. Accordingly, Defendants' activities are likely to

28

11

1  cause confusion in the trade and among the general public as to at least the origin or sponsorship of
2  the Counterfeit Goods.

3      48.    Defendants, upon information and belief, have used in connection with their sale of
4  Counterfeit Goods, false designations of origins and false descriptions and representations, including
5  words or other symbols and trade dress which tend to falsely describe or represent such goods and
6  have caused such goods to enter into commerce with full knowledge of the falsity of such
7  designations of origin and such descriptions and representations, all to the detriment of Plaintiffs.
8  Specifically, Defendants have authorized an infringing use of the Plaintiffs' respective marks, in
9  Defendants' advertisement and promotion of their counterfeit and infringing: footwear, belts,
10  sunglasses, handbags, wallets, hats, jewelry, including, at least, necklaces and bracelets, scarves, ties,
11  and umbrellas bearing trademarks which are exact copies of the Gucci Marks; handbags and belts
12  bearing trademarks which are exact copies of the Bottega Mark; and handbags bearing trademarks
13  which are exact copies of the Balenciaga Marks. Defendants have misrepresented to members of the
14  consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-
15  infringing products.

16      49.    Defendants' above-described actions are in violation of Section 43(a) of the Lanham
17  Act, 15 U.S.C. §1125(a).

18      50.    Plaintiffs have sustained injury and damage caused by Defendants' conduct, and
19  absent an entry of an injunction by this Court, Plaintiffs will continue to suffer irreparable injury to
20  their respective goodwill and business reputations as well as monetary damages.

21                          **PRAYER FOR RELIEF**

22      51.    WHEREFORE, Plaintiffs demand judgment on all Counts of this Complaint and an
23  award of equitable relief and monetary relief, jointly and severally, against Defendants as follows:
24  Entry of preliminary and permanent injunction enjoining Defendants, their agents, representatives,
25  servants, employees, and all those acting in concert or participation therewith, from manufacturing
26  or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering
27  to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Plaintiffs' respective
28  marks; from using the Plaintiffs' respective marks, or any mark or trade dress similar thereto, in

12

GUCCI AMERICA, INC. ET AL. V. WANG HUOQING, ET AL.: COMPLAINT

1  connection with the sale of any unauthorized goods; from using any logo, trade name or trademark
2  or trade dress which may be calculated to falsely advertise the services or products of Defendants as
3  being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiffs; from
4  falsely representing themselves as being connected with Plaintiffs, through sponsorship or
5  association, or engaging in any act which is likely to falsely cause members of the trade and/or of the
6  purchasing public to believe any goods or services of Defendants, or in any way endorsed by,
7  approved by, and/or associated with Plaintiffs; from using any reproduction, counterfeit, copy, or
8  colorable imitation of the Plaintiffs' respective marks in connection with the publicity, promotion,
9  sale, or advertising of any goods sold by Defendants, including, without limitation, footwear, belts,
10  sunglasses, handbags, wallets, hats, jewelry, including, at least, necklaces and bracelets, scarves, ties,
11  and/or umbrellas; from affixing, applying, annexing or using in connection with the sale of any
12  goods, a false description or representation, including words or other symbols tending to falsely
13  describe or represent Defendants' goods as being those of Plaintiffs, or in any way endorsed by
14  Plaintiffs and from offering such goods in commerce; and from otherwise unfairly competing with
15  Plaintiffs.

16          a.      Enter an Order that, upon Plaintiffs' request, those in privity with Defendants,
17  and those with notice of the injunction, including any Internet search engines, Web hosts, domain-
18  name registrars and domain-name registries that are provided with notice of the injunction, cease
19  facilitating access to any or all websites through which Defendants engage in the sale of counterfeit
20  and infringing goods using the Plaintiffs' respective marks.

21          b.      Enter an Order that, upon Plaintiffs' request, the top level domain (TLD)
22  Registry for the Subject Domain Names, place the Subject Domain Names on Registry Hold status,
23  thus removing them from the TLD zone files maintained by the Registry which link the Subject
24  Domain Name to the IP address where the associated websites are hosted.

25          c.      Enter an order that, upon Plaintiffs' request, the Internet Corporation for
26  Assigned Names and Numbers ("ICANN") shall take all actions necessary to ensure that the top
27  level domain Registries responsible for the Subject Domain Names comply with this Order.

28

13

GUCCI AMERICA, INC. ET AL. V. WANG HUOQING, ET AL.: COMPLAINT

1    d.   Enter an order canceling or, at Plaintiffs' election, transferring the Subject

2  Domain Names and any other domain names used by the Defendants to engage in their

3  counterfeiting of the Plaintiffs' respective marks at issue to Plaintiffs' respective control.

4    e.   Defendants be required to account to and pay Plaintiffs for all profits and

5  damages resulting from Defendants' trademark infringing and counterfeiting activities and that the

6  award to Plaintiffs be trebled, as provided for under 15 U.S.C. §1117, or, at Plaintiffs' election with

7  respect to Count I, that Plaintiffs each be awarded statutory damages from each Defendant in the

8  amount of two million dollars ($2,000,000.00) per each counterfeit mark of Plaintiffs used and

9  product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

10    f.   An award of corrective advertising damages.

11    g.   An award of Plaintiffs' costs and reasonable attorneys' fees and investigative

12  fees associated with bringing this action.

13    h.   An award of pre-judgment interest on the judgment amount.

14    i.   Other and further relief as the Court may deem just and proper.

15

16  Dated: December 21, 2009                    KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

17

18                                        By: _____

19                                        ANNE E. KEARNS
                                          Attorneys for Plaintiffs Gucci America,
20                                        Inc., Bottega Veneta International, S.A.R.L.,
                                          and Balenciaga Corporation France
21

22

23

24

25

26

27

28

14

GUCCI AMERICA, INC. ET AL. V. WANG HUOQING, ET AL.: COMPLAINT

**SCHEDULE "A"**

**LIST OF DOMAIN NAME ENTITIES**

1
2
3
4  b2do.com
5  bag2do.cn
6  bag2do.com
7  bagdo.com
8  bagdo.net
9  bagdo2.com
10 bagdo2.net
11 bagpo.com
12 bagxo.com
13 bagxp.com
14 ebagdo.com
15 ibagdo.com
16 ibagto.com
17 my4shop.com
18 my4shop.net
19 my5shop.com
20 my5shop.net
21 myashop.cn
22 myashop.com
23 myashop.net
24 myhshop.com
25 mynshop.com
26 myokshop.com
27 myrshop.com
28

99322

15