IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUCCI AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>WANG HUOQING,<br><br>                    Defendant.                            / | No. C 09-05969 CRB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFAULT JUDGMENT AGAINST DEFENDANT, AND ENTERING PERMANENT INJUNCTION** |

   The Court has reviewed Magistrate Judge Spero's Report and Recommendation. The Court finds the Report correct, well-reasoned, and thorough, and ADOPTS it in every respect. Accordingly, the Court GRANTS default judgment against Defendant Wang Huoqing on Plaintiffs' trademark infringement and false designation of origin claims. The Court awards statutory damages to each Plaintiff in the following amounts: for Gucci America, Inc. $440,000; for Bottega Veneta International S.A.R.L. $4,000; and for Balenciaga S.A. $8,000. The Court awards prejudgment interest to each Plaintiff in the following amounts: for Gucci America, Inc. $12,768.92; for Bottega Veneta International S.A.R.L. $116.08; and for Balenciaga S.A. $232.16. Additionally, the Court awards $233.33 in costs to each Plaintiff on the basis of Defendant's trademark infringement.

   Further, a permanent injunction is hereby ENTERED against the Defendant as follows:

**United States District Court**
For the Northern District of California

1   Defendant and his respective officers, agents, servants, employees, and attorneys, and
2   all persons acting in concert and participation with him are hereby permanently restrained and enjoined from:

3   (a) manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing
4   goods using the Plaintiffs' Marks;

5   (b) using the Plaintiffs' Marks in connection with the sale of any unauthorized goods;

6

7   (c) using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant offered for sale or sold via the websites: b2do.com, bag2do.cn, bag2do.com, bagdo.com, bagdo.net,
8   bagdo2.com, bagdo2.net, bagpo.com, bagxo.com, bagxp.com, do2bag.com, do2bag.net, ebagdo.com, ibagdo.com, ibagto.com, my4shop.com,
9   my4shop.net, my5shop.com, my5shop.net, myamart.com, myamart.net, myashop.cn, myashop.com, myashop.net, myhshop.com, mynshop.com,
10  myokshop.com, and myrshop.com and/or any other website or business, as being sponsored by, authorized by, endorsed by, or in any way associated
11  with Plaintiffs;

12  (d) falsely representing himself as being connected with Plaintiffs, through sponsorship or association;
13

14  (e) engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant offered for sale o[r] sold via the websites: b2do.com, bag2do.cn, bag2do.com,
15  bagdo.com, bagdo.net, bagdo2.com, bagdo2.net, bagpo.com, bagxo.com, bagxp.com, do2bag.com, do2bag.net, ebagdo.com, ibagdo.com, ibagto.com,
16  my4shop.com, my4shop.net, my5shop.com, my5shop.net, myamart.com, myamart.net, myashop.cn, myashop.com, myashop.net, myhshop.com,
17  mynshop.com, myokshop.com, and myrshop.com and/or any other website or business are in any way endorsed by, approved by, and/or associated with
18  Plaintiffs;

19  (f) using any reproduction, counterfeit, copy or colorable imitation of the Plaintiffs' Marks in connection with the publicity, promotion, sale or
20  advertising of any goods sold by Defendant via the websites: b2do.com, bag2do.cn, bag2do.com, bagdo.com, bagdo.net, bagdo2.com, bagdo2.net,
21  bagpo.com, bagxo.com, bagxp.com, do2bag.com, do2bag.net, ebagdo.com, ibagdo.com, ibagto.com, my4shop.com, my4shop.net, my5shop.com,
22  my5shop.net, myamart.com, myamart.net, myashop.cn, myashop.com, myashop.net, myhshop.com, mynshop.com, myokshop.com, and
23  myrshop.com and/or any other website or business, including, without limitation, footwear, belts, sunglasses, handbags, wallets, hats, necklaces,
24  bracelets, scarves, ties, and/or umbrellas;

25  (g) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols
26  tending to falsely describe or represent goods offered for sale or sold by Defendant via the websites: b2do.com, bag2do.cn, bag2do.com, bagdo.com,
27  bagdo.net, bagdo2.com, bagdo2.net, bagpo.com, bagxo.com, bagxp.com, do2bag.com, do2bag.net, ebagdo.com, ibagdo.com, ibagto.com,
28  my4shop.com, my4shop.net, my5shop.com, my5shop.net, myamart.com, myamart.net, myashop.cn, myashop.com, myashop.net, myhshop.com,

mynshop.com, myokshop.com, and myrshop.com and/or any other website or business, as being those of Plaintiffs or in any way endorsed by Plaintiffs;

(h) offering such goods in commerce;

(i) otherwise unfairly competing with Plaintiffs;

(j) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulation, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Plaintiffs' Marks; and

(k) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

Finally, the Court orders as follows:

(l) In order to give practical effect to the Permanent Injunction, the websites: b2do.com, bag2do.cn, bag2do.com, bagdo.com, bagdo.net, bagdo2.com, bagdo2.net, bagpo.com, bagxo.com, bagxp.com, do2bag.com, do2bag.net, ebagdo.com, ibagdo.com, ibagto.com, my4shop.com, my4shop.net, my5shop.com, my5shop.net, myamart.com, myamart.net, myashop.cn, myashop.com, myashop.net, myhshop.com, mynshop.com, myokshop.com, and myrshop.com are hereby ordered to be immediately transferred by Defendant, his assignees and/or successors in interest or title, and the Registrars to Plaintiff Gucci's control.  To the extent the current Registrars do not facilitate the transfer of the domain names to Plaintiffs' control within ten (10) days of receipt of this judgment, the United States based Registry shall, within thirty (30) days, transfer the Subject Domain Names to a United States based Registrar of Plaintiffs' choosing, and that Registrar shall transfer the Subject Domain Names to Plaintiff Gucci; and

(m) Upon Plaintiffs' request, the top level domain (TLD) Registries for the websites: b2do.com, bag2do.cn, bag2do.com, bagdo.com, bagdo.net, bagdo2.com, bagdo2.net, bagpo.com, bagxo.com, bagxp.com, do2bag.com, do2bag.net, ebagdo.com, ibagdo.com, ibagto.com, my4shop.com, my4shop.net, my5shop.com, my5shop.net, myamart.com, myamart.net, myashop.cn, myashop.com, myashop.net, myhshop.com, mynshop.com, myokshop.com, and myrshop.com shall place the websites on Registry Hold status within thirty (30) days of receipt of this Order, thus removing them from the TLD zone files maintained by the Registries which link the websites to the IP addresses where the associated websites are hosted.

**IT IS SO ORDERED.**

Dated: January 5, 2011

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE